1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10                              No.   07-SW-034 GGH

11   IN RE APPLICATION FOR AN ORDER
     AUTHORIZING THE EXTENSION AND
12   USE OF A PEN REGISTER DEVICE ETC.

13
     _____/
14

15          In a previous order, <u>In re Application for an Order</u>,  SW-06-0041, the undersigned

16   found after analyzing the Stored Communications Act, the Pen Register Statute and the

17   Communications Assistance to Law Enforcement Act that cell site location was subscriber

18   information accessible to law enforcement upon order, and that a search warrant based on

19   probable cause was not necessary for that information.  <u>See also</u> <u>In re Application of the United</u>

20   <u>States etc.</u>, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) affirming this conclusion in a comprehensive

21   opinion by District Judge Kaplan after appeal of a magistrate judge order.  The undersigned will

22   not reiterate here the analysis which led to the conclusion.

23          Effective December 1, 2006, Fed.R.Crim.P. 41 was amended in pertinent part to

24   read as follows:

25          (a) Scope and Definitions.
            ....
26          (2) Definitions. The following definitions apply under this rule:

                                          1

(E) "Tracking device" has the meaning set out in 18 U.S.C. § 3117(b).

***

(e) Issuing the Warrant.

(1) In General. The magistrate judge or a judge of a state court of record must issue the warrant to an officer authorized to execute it.

(2) Contents of the Warrant.

....

(B) Warrant for a Tracking Device. A tracking-device warrant must identify the person or property to be tracked, designate the magistrate judge to whom it must be returned, and specify a reasonable length of time that the device may be used. The time must not exceed 45 days from the date the warrant was issued. The court may, for good cause, grant one or more extensions for a reasonable period not to exceed 45 days each. The warrant must command the officer to:

(i) complete any installation authorized by the warrant within a specified time no longer than 10 calendar days;

(ii) perform any installation authorized by the warrant during the daytime, unless the judge for good cause expressly authorizes installation at another time; and

(iii) return the warrant to the judge designated in the warrant.

The issue now becomes whether this amendment to Rule 41 now requires that a warrant issue for cell site information where an order pursuant to the SCA would do before the amendment.  The answer is decidedly–no.

First, rules of procedure would hardly be the place to set forth the substantive requirement that a warrant is necessary.  Those requirements first appear in case law and/or statutes; the rules of procedure codify the process to be utilized in obtaining, issuing and executing the warrant.  The drafters of the amendment made this crystal clear:

Subdivision (d). Amended Rule 41(d) includes new language on tracking devices. The tracking device statute, 18 U.S.C. § 3117, does not specify the standard an applicant must meet to install a tracking device. The Supreme Court has acknowledged that the standard for installation of a tracking device is unresolved, and has reserved ruling on the issue until it is squarely presented by the facts of a case. See United States v. Karo, 468 U.S. 705, 718 n. 5 (1984). *The amendment to Rule 41 does not resolve this issue or hold that such warrants may issue only on a showing of probable cause.* Instead, it simply provides that if probable cause is shown, the magistrate judge must issue the warrant. And the warrant is only needed if the device is installed (for example, in the trunk of the defendant's car) or monitored (for example, while the car is in the defendant's garage) in an area in which the person being monitored has a reasonable expectation of privacy

Notes to 2006 Amendments to Fed.R.Crim.P. 41 (emphasis added).

2

Thus, nothing in the amendment to the federal criminal procedure rules was meant to change the prior law concerning the necessity for the warrant in the first instance.  The undersigned,  having previously found that no warrant on probable cause was necessary, remains of that view.

Moreover, it only makes sense to find that 18 U.S.C. § 3117(b) does not include the acquisition of cell site information in the terms "tracking device."  This statute provides:

> **(b) Definition.**--As used in this section, the term "tracking device" means an electronic or mechanical device which permits the tracking of the movement of a person or object.

Although in modern parlance a cell phone might well be considered an electronic device, which when combined with cell towers, can ultimately transmit (track)  the location of the cell phone holder, one must look at the meaning of electronic or mechanical device in 1986, the date of passage of § 3117(b), and the legislative history  which indicates that the device contemplated was only of the "beeper" variety.

ELECTRONIC TRACKING DEVICES (TRANSPONDERS)

> These are one-way radio communication devices that emit a signal on a specific radio frequency. This signal can be received by special tracking equipment, and allows the user to trace the geographical location of the transponder. Such 'homing' devices are used by law enforcement personnel to keep track of the physical whereabouts of the sending unit, which might be placed in an automobile, on a person, or in some other item.

Senate Rep. 99-541, P.L. 99-508, Electronic Communications Privacy Act of 1986 at 3564, 10.[1]

---

[1] See also the section by section commentary which discusses the "installation of" a mobile tracking device.  Accepting already recorded information from a cell phone company is not the installation of a device.

Section 108--Mobile tracking devices

Subsection (a) of this section of the bill adds a new section to chapter 205 of title 18. This new code section provides that if a court is empowered a to issue a warrant or other order for the *installation of a mobile tracking device*, and the tracking of the object or person on which the device is installed, such warrant remains valid even if the device is moved outside the jurisdiction of the court, even outside the jurisdiction of the United States, provided that the device was installed within the jurisdiction of the court, in conformity with the court order. This clarification does not effect current legal standards for the issuance of such an order.
A tracking device is defined as an electronic or mechanical device which permits the tracking of the movement of a person or object.

3

1 No amendment has been made to § 3117 since 1986.  No use of cell phones and cell towers for

2 tracking was expressly contemplated, and perhaps was not even possible in 1986.  Certainly the

3 legislative history gives no such indication.

4         In addition, it would prove far too much to find that Congress contemplated

5 legislating about cell phones as tracking devices.  For example, if an agent presently used a cell

6 phone to communicate the whereabouts of a suspect by using the phone's video feature while he

7 was surveilling the suspect, one could fit this situation into the words of the statute– one was

8 using an electronic device which  "permitted" the tracking of the suspect.  Or, take the example of

9 the ubiquitous monitoring cameras, such as the "red light," parking lot or freeway cameras.  These

10 cameras track the location of many persons , albeit in a confined location, and could also fit in

11 with the words of the statute.   It is best to take the cue from Congress in this respect of electronic

12 tracking devices, and confine § 3117(b) to the transponder type devices placed upon the object or

13 person to be tracked.

14 ////

15 ////

16 ////

17 ////

18 ////

19 ////

20 ////

21 ////

22 ////

23 ────────────────────

24 Subsection (b) adds a new section 3117, 'Mobile tracking devices' to the table of contents of chapter 205.

25 Senate Report  99-541 at 3587-88, 33-34 (emphasis added).

26

4

1    For these reasons, the undersigned finds that the December 2006 amendments to

2   Rule 41 do not require a warrant based on probable cause for cell site information, at least where

3   the subject of the cell site tracking is outside of a home or other expected place of privacy.[2]

4    The Clerk shall serve AUSA Phil Ferrari with this order.  This order shall *not* be

5   sealed.

6

7

8

9   IT IS SO ORDERED

10

11

12  DATED: <u>February 1, 2007</u>

13

14

15    <u>S/s Gregory G. Hollows</u>

16    GREGORY G. HOLLOWS

    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23    [2]The court need not reach the situation where the target was using his or her cell phone
    within the confines of a home.  However, suffice it to say that the only apparent electronic
    tracking performed in such a case is all done outside the home via cell towers.  Unless the agents

24   are calling the suspect's phone, the agents have no control over the suspect's use of the cell
    phone whatever in his location, did not cause or initiate the cell phone signal, and are not keying

25   in on the cell phone signal *inside the home*.   Mathematical triangulations made from different
    cell phone towers  outside the home which will reveal a general area where the suspect may be

26   found is hardly probing inside the house.